# United States District Court
## Middle District of Florida
### Orlando Division

FRANKLIN DIAL, ON HIS OWN BEHALF
AND ON BEHALF OF THOSE
SIMILARLY SITUATED,

<b>Plaintiffs,</b>

-vs-                                                    Case No.  6:07-cv-1072-Orl-28KRS

LITTLE WAGON ERRAND SERVICES,
INC., JAMES M. BERRY,

<b>Defendants.</b>

_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 14)** |
| **FILED:** | **December 11, 2007** |

## I.    PROCEDURAL HISTORY.

On June 25, 2007, Franklin Dial, on his own behalf and on behalf of those similarly situated[1], filed a complaint against Defendants Little Wagon Errand Services, Inc. (Little Wagon) and James M.

_____

[1] There were no documents filed that indicate that other people elected to join in this case as putative plaintiffs.  Therefore, I recommend that the Court dismiss the collective action allegations.

Berry.  He alleged that Defendants failed to pay him overtime compensation due under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.  Doc. No. 1. Dial also seeks liquidated damages, attorney's fees, and costs. *Id.*

The complaint was served on the defendants on June 29, 2007.  Doc. Nos. 7, 8.  The defendants did not timely respond to the complaint.  Thereafter, at Dial's request, the Clerk of Court entered defaults against each defendant.  Doc. Nos. 11-13.

After entry of the defaults, Dial filed the present motion.  Doc. No. 14.   In support of the motion, Dial filed the Affidavit of Franklin Dial (Dial Aff.), doc. no. 14-2, and an Affidavit for Reasonable Attorneys' Fees signed by Carlos Leach (Leach Aff.), doc. no. 14-3.  The defendants had not responded to the motion as of the time of writing this order, and the time for doing so has passed.

## II.    APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the Court may hold a

-2-

hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)).  However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *Id.*

## III.    ANALYSIS.

A.     *Allegations of the Complaint*.

Dial was employed by Little Wagon and Berry as a driver.  Doc. No. 1 ¶ 1.  Little Wagon and Berry were an enterprise covered by the FLSA.  *Id.* ¶ 5.[2]  Little Wagon and Berry did not pay Dial one-half his regular rate of pay for all hours he worked in excess of forty hours per week during one or more work weeks.  *Id.* ¶ 7.  The failure to pay overtime compensation was willful.  *Id.* ¶ 11.

B.     *Liability*.

To prevail on a claim for payment of overtime under the FLSA, Dial must establish the following:

First, that he was employed by Defendants during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce;

Third, that Defendants failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

---

[2]  The complaint alleges that a single defendant was a statutory employer.  Doc. No. 1 ¶ 5. For purposes of this motion, I assume that this was a typographical error.  The better practice would be to allege the factual basis supporting the conclusion that each defendant meets the statutory definition of employer. *See, e.g., McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 447-48 (M.D. Fla. 1988).

By defaulting, Defendants admit that they employed Dial during the relevant time period. They admit that they were enterprises within the definition of the FLSA. They admit that they failed to pay overtime compensation as required by the FLSA. This is sufficient to establish that Defendants are liable to pay Dial overtime wages he is owed for his work.

      C.    *Damages*.

          1.    <u>Overtime Compensation</u>.

Under the FLSA, Dial is entitled to be paid 1 ½ times his regular rate of pay for all hours in excess of forty worked in a work week. *See* 29 U.S.C. § 207(a)(1). Dial has the burden of proving the amount of damages to be awarded.

When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

Dial avers that he was paid $8.00 per hour for his work for Defendants.  He attests that he worked ten weeks from approximately March through May 2007, during which time he generally worked sixty hours per week.  Dial Aff. ¶ 4.  He seeks compensation of the overtime premium, one-half his regular hourly rate, for all hours worked in excess of forty hours per work week.  *Id.* ¶ 5.  This amount totals $ 800.00.  *Id.* ¶ 6.[3]  Because Defendants did not come forward with evidence of the precise amount of work performed by Dial, Dial's affidavit is sufficient to carry his burden of proof regarding the amount of overtime compensation due under the FLSA.

2.   Liquidated Damages.

By defaulting, Defendants admit that they acted willfully in failing to pay Dial the required overtime compensation.  When, as here, the defendants have not presented a defense that the failure to pay overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]"  29 U.S.C. § 216(b); *see also* 29 U.S.C. § 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).  Accordingly, Defendants are liable, jointly and severally, to pay Dial the amount of unpaid overtime compensation owed to him, $800.00 as liquidated damages.

---

[3]  The overtime premium is computed as follows: One-half the regular hourly rate ($8.00 ÷ 2 = $4.00) multiplied by the number of hours worked in excess of forty in each work week (20) multiplied by the number of work weeks in which overtime was worked (10).

D.     *Attorney's Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Dial seeks an award of $2,580.00 for the services provided by his attorney, Carlos Leach, in connection with this case. Leach Aff. ¶ 6. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

      1.   <u>Hourly Rate</u>.

Leach has been licensed in Florida since 2002 and has been a member of the bar of this Court since November 2004. *See King v. FSA Network, Inc.*, Case No. 6:07-cv-78-Orl-22JGG, 2007 WL 3072262, at *1 (M.D. Fla. Oct. 19, 2007). He attests that he charges his clients $300.00 per hour, Leach Aff. ¶ 6, but he offers no independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate. This Court has previously determined that a reasonable rate for Leach's work in cases of this type is $160.00 per hour. *King*, 2007 WL 3072262, at *1. Absent evidence to support a higher hourly rate, I conclude that $160.00 is a reasonable hourly rate for Leach's work in this case.

      2.   <u>Reasonable Number of Hours</u>.

Dial submitted a detailed time statement indicating the work performed by Leach in this case. Leach conceded in response to an order from this Court that 0.30 hours of work on 6/12/2007 was performed by a paralegal and, therefore, not properly reimbursed at the rate of an attorney. Doc. No. 16. Therefore, I recommend that 0.30 hours be deducted from the attorney's fees for this work.

It is not appropriate to charge attorneys' fees to an opposing party that arise from errors committed by the prevailing party's counsel. *See Brother v. Miami Hotel Inv., Ltd.*, 341 F. Supp. 2d 1230, 1238 (S.D. Fla. 2004). This includes time spent reviewing and responding to orders to show cause entered due to failure to comply with rules and orders of the Court. *See* 10/01/2007 0.20

"Review of OTSC for not appl[y]ing for Entry Default"; 10/16/2007 0.50 "Preparation of Response to Order to Show Cause."  Therefore, I recommend that 0.70 hours be deducted for this work.

Leach also purported to work 1.00 hours on 12/4/2007 preparing the complaint.  The complaint was filed in this case on June 25, 2007.  Thus, it is clear that this time entry does not apply to work performed in the present case.  Accordingly, I recommend that 1.00 hours be deducted for this work.

Leach also recorded excessive time for reviewing standard documents.  *See* 6/27/2007 0.20 "Review of Related Case Order"; 6/27/2007 0.20 "review of CIP and Corp. Disclosure"; 10/19/2007 0.20 "Review of Clerks Default again[s]t DFs".  He also devotes excessive time to work that is paralegal or clerical in nature and, therefore, not reimbursable at an attorney's hourly rate, *see Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed . . . regardless of who performs them."); *see also Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000).  *See* 6/25/2007 0.30 "Preparation of Summons"; 7/06/2007 0.40 "Prepare Notice of Pendency of Other Actions"; 7/10/2007 0.20 "Preparation of Return of Service."  Accordingly, I recommend that 0.90 hours be deducted for this work.

The lodestar attorney's fees in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Charles L. Leach | $160.00 | 5.8 | $928.00 |

3.    <u>Costs</u>.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs–other than attorneys' fees–should be allowed to the prevailing party."  The following are the allowable costs as set forth in 28 U.S.C. § 1920:

(1)    Fees of the clerk and marshal;

(2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)    Docket fees under 28 U.S.C. § 1923;

(6)    Compensation of court appointed experts, interpreters, and special interpretation services.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in  Rule 54(d).  It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  A court cannot award costs other than those specifically authorized in section 1920, unless authorized by another applicable statute.  *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)(citing *Crawford Fitting Co.*, 482 U.S. at 445).

Dial seeks an award of costs in the amount of $350.00 for reimbursement for the filing fee and $100.00 for the costs of serving process in this case. Doc. No. 14-3 at 9. "Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005).

Dial also seeks $11.00 in photocopy charges. Doc. No. 14-3 at 9. "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)(citing *Fressell v. AT&T Technoligies, Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)), *aff'd sub nom. Desisto Coll., Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990). Copies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not allowed. *Desisto*, 718 F. Supp. at 913 (citing *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988) and *Fressell,* 103 F.R.D. at 116). The burden of proof for copying expenses is on the moving party because the cost is within the exclusive knowledge of the moving party. *Desisto*, 718 F. Supp. at 910 n.1. In this case, Dial offered no evidence of the reason for incurring the photocopy charges. He has, therefore, failed to sustain his burden of proving that these charges are taxable costs.

Dial also seeks $.50 in long distance charges, $.41 in postage charges, and $41.33 in reimbursement for travel in May 2007, by Francisco J. Martinez.[4] Doc. No. 14-3 at 9. Telephone charges, postage and travel are not recoverable as costs. *DeSisto*, 718 F. Supp. at 914.

---

[4] Counsel did not indicate who Francisco Martinez is, what relationship he has to this case, or the purpose of the travel, which occurred before the complaint was filed.

-10-

Accordingly, Dial is entitled to an award of $450.00 in costs from the defendants.

**IV.     RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court **GRANT** in part and **DENY** in part the Motion for Entry of Default Final Judgment (Doc. No. 14) and enter a default judgment against the defendants on Dial's claim for violation of the overtime provisions of the FLSA.  I further recommend that the Court order the defendants, jointly and severally, to pay Dial damages in the amount of $1,600.00, attorney's fees in the amount of $ 928.00, and costs in the amount of $450.00. I further recommend that the Court **DISMISS** the collective action allegations.  Finally, I recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 28th, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

-11-